UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HUBERT MICHAEL PORTER and
LYNNEE F. PORTER,

                Plaintiffs,

                -against-

PROPERTY DAMAGE CONTROL GROUP, INC.,
WORLD TILE IMPORTS OF NEW JERSEY and
TOM ROBERTS,

                Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

03 CV 5972

DEARIE, Chief Judge.

      In this diversity action, plaintiffs allege breach of contract, tort, and state statutory violations in connection with construction and renovations at a residential property in Elizabeth, New Jersey. They seek to recover damages from defendants Property Damage Control Group, Inc. ("PDC"), World Tile Imports of New Jersey ("World Tile"), and Tom Roberts, sole shareholder of PDC and owner of World Tile. Defendants counterclaim, alleging breach of contract. Defendants Roberts and World Tile (the "moving defendants")[1] also seek dismissal under Rules 8, 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure.

      Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court referred the motion for dismissal to Magistrate Judge Marilyn D. Go for Report and Recommendation. On July 26, 2007, Magistrate Judge Go recommended (1) that the motion to dismiss be converted to one for summary judgment; (2) that plaintiffs' second and fourth claims be dismissed as to Roberts; (3) that plaintiffs' first, second, fourth, and fifth claims be dismissed as to World Tile; and (4) that the

---

[1] PDC does not join this motion, since the parties have agreed that the contract at issue in this case requires that plaintiffs' claims against PDC be resolved through arbitration.

moving defendants' motion otherwise be denied. On August 16, 2007, the moving defendants objected to Magistrate Judge Go's Report and Recommendation insofar as it did not recommend that the claims against them be dismissed in their entirety.

Upon de novo review, and for the reasons explained below, the Court adopts Magistrate Judge Go's Report and Recommendation with one clarification. The Court clarifies Magistrate Judge Go's Report to indicate that the moving defendants' motion to dismiss is converted to one for summary judgment only with respect to plaintiffs' claims for breach of contract. In all other respects, the Court adopts Magistrate Judge Go's Report and Recommendation.

## DISCUSSION

Magistrate Judge Go's Report and Recommendation offers a clear account of the facts underlying this action, and the Court assumes familiarity with that account.

### A.  Conversion to Summary Judgment

The moving defendants' first objection is to Magistrate Judge Go's recommendation that their motion be converted to one for summary judgment. As Magistrate Judge Go observes,

> [w]hen matters outside the pleadings are presented in response to a 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.

Report & Recommendation [hereinafter Report] 4 (quoting Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000) (internal quotation marks and citation omitted)). Here, in response to the motion to dismiss, plaintiffs submitted an affidavit, executed by plaintiff Hubert Michael Porter

2

and addressing matters relevant to plaintiffs' contract claims. Accordingly, Magistrate Judge Go permitted the parties to conduct discovery with respect to the contract claims and to file supplemental submissions with respect to those claims. She then recommended that the motion to dismiss be converted to one for summary judgment. Id. Construing the Report to recommend that the motion to dismiss be converted to a motion for summary judgment with respect to *all* of plaintiffs' claims, defendants now object that with respect to claims *other* than plaintiffs' contract claims, they had insufficient notice of the possibility of conversion. Defs.' Obj. to Report & Recommendation [hereinafter Defs.' Obj.] 4-6. The Court finds that conversion of the motion to dismiss plaintiffs' contract claims to a motion for summary judgment is proper. Further, it notes that in evaluating whether plaintiffs should be allowed to proceed on their other claims, Magistrate Judge Go employed a Rule 12(b)(6) analysis, not the analysis called for on a Rule 56 summary judgment motion. Under these circumstances, the Court construes Magistrate Judge Go's Report as recommending conversion only with respect to plaintiffs' contract claims, and adopts that recommendation.

**B.     Fraud Claim**

The moving defendants next object to the recommendation of Magistrate Judge Go that plaintiffs be permitted to go forward on their third claim, grounded in the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-1 et seq. In their motion to dismiss, the moving defendants argued that plaintiffs' third claim should be construed as sounding in fraud, and held to the stringent pleading requirements of Fed. R. Civ. P. 9(b)—which requirements, they argued, the complaint failed to satisfy. Magistrate Judge Go disagreed that Rule 9(b) applied. Although

3

plaintiffs' amended complaint did not identify the particular provisions of the NJCFA they wished to enforce, she reviewed the statute and identified an arguably applicable provision, N.J. Stat. Ann. § 56:8-2, which reads as follows:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing[] concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

Citing this provision's reference to "any unconscionable commercial practice," Magistrate Judge Go interpreted it to encompass certain non-fraudulent practices, and reasoned that where such practices were at issue, Rule 9(b) would not apply. She also noted that none of the allegations contained in plaintiffs' third claim, or the claims incorporated by reference therein, expressly referenced fraud. Thus she recommended that plaintiffs' third claim be held to the more lenient standard of Fed. R. Civ. P. 8(a). Finally, applying this standard, she recommended that the motion to dismiss plaintiffs' third claim be denied. Report 16-18.

The moving defendants object on several grounds. First, they argue that because plaintiffs submitted no opposition to the dismissal of their third claim under the NJCFA, plaintiffs have abandoned that claim. Next, they reiterate their earlier argument that Rule 9(b) must apply. Finally, arguing that plaintiffs have not specifically alleged any commercial practice, unconscionable or otherwise, they contend that plaintiffs' third claim fails to meet even the lenient pleading requirements of Rule 8(a). Defs.' Obj. 6-8.

Upon de novo review, the Court declines to dismiss plaintiffs' third claim. Without

4

offering any opinion about whether plaintiffs are likely to prevail on their NJCFA claim, the Court finds that it meets the baseline pleading requirements of Fed. R. Civ. P. 8(a), and that, at this stage, they should not be required to do more. As Magistrate Judge Go observed, the NJCFA's plain language indicates that it applies not only to fraud, but also to other "unconscionable practices." Moreover, by interpreting the NJCFA's unconscionability clause to require "good faith, honesty in fact and observance of fair dealing," Kugler v. Romain, 58 N.J. 522, 544 (1971), the New Jersey Supreme Court has suggested that deviations from this standard, even those falling short of fraud, may violate the statute.[2] Here, plaintiffs have not alleged fraud, but rather breach of contract. Thus, although research reveals no cases in which courts have applied Rule 8(a) in evaluating the sufficiency of claims under the NJCFA,[3] the Court agrees with Magistrate Judge Go that such an approach is warranted here.

"To state a claim under the NJCFA, a plaintiff must allege . . . (1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss." Zebersky v. Bed Bath & Beyond, Inc., No. 06-cv-1735, 2006 U.S. Dist. LEXIS 86451 (D.N.J. Nov. 28, 2006)

---

[2] The New Jersey Supreme Court has also observed that "a breach of warranty, or *any* breach of contract, is not *per se* unfair or unconscionable . . . ." Cox v. Sears Roebuck & Co., 138 N.J. 2, 18 (1994) (emphasis supplied, citation omitted). But the Court need not determine, at this stage, whether the breach alleged here rises to the level of unconscionability—only whether plaintiffs have stated a claim.

[3] Indeed, as the moving defendants point out, some courts have observed categorically that Rule 9(b) applies to NJCFA claims. In the cases defendants cite, however, the plaintiffs whose NJCFA claims were held to the Rule 9(b) standard expressly alleged *fraud*. See Lewis Tree Serv., Inc. v. Lucent Techs. Inc., No. 99 Civ. 8556, 2000 U.S. Dist. LEXIS 12922, at *5 (S.D.N.Y. Sept. 8, 2000); Zaro Licensing, Inc. v. Cinmar, Inc., 779 F. Supp. 276, 284 (S.D.N.Y. 1991).

(quoting N.J. Citizen Action v. Schering-Plough Corp., 842 A.2d 174 (N.J. App. Div. 2003)). Here, plaintiffs allege that defendants refused to complete work that they were contractually obligated to perform. Am. Compl. ¶ 24. Plaintiffs allege further that they sustained damages in the amount of $350,000 as a result of defendants' breach. Id. ¶ 39. These allegations satisfy the baseline requirement of Rule 8(a) that plaintiffs offer a "short and plain statement of the claim showing that the pleader is entitled to relief." The Court therefore adopts Magistrate Judge Go's recommendation, and denies the moving defendants' motion to dismiss plaintiffs' third claim.[4]

C.  **Personal Liability of Defendant Roberts**

Finally, the moving defendants object to the recommendation of Magistrate Judge Go that the Court not grant summary judgment for defendant Roberts on plaintiffs' contract claims. Roberts seeks dismissal of these claims on the ground that he was not subject to personal liability under the contract at issue here. Magistrate Judge Go acknowledged that under New York law, "an agent who signs an agreement on behalf of a disclosed principal will not be individually bound to the terms of an agreement unless there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal." Report 8 (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Lollo, 35 F.3d 29, 35 (2d

---

[4] Contrary to defendants' contention, plaintiffs' failure to respond to the motion to dismiss their third claim does not constitute "abandonment" of that claim requiring dismissal. Where a defendant moves for dismissal pursuant to Rule 12(b)(6), the plaintiff is under no obligation to respond. The cases cited by defendants do not concern the Rule 12(b)(6) context and are inapposite. See, e.g., Adams Book Co. v. Ney, No. 97-CV-4418, 2002 U.S. Dist. LEXIS 25173, *20 (E.D.N.Y. Dec. 3, 2002) (granting *summary judgment* pursuant to Fed. R. Civ. P. 56); Frink Am., Inc. v. Champion Road Machinery Ltd., 48 F. Supp. 2d 198, 214 (N.D.N.Y. 1999) (same); Anti-Monopoly, Inc. v. Hasbro, Inc., 958 F. Supp. 895, 907 (S.D.N.Y. 1997) (same).

Cir. 1994) (internal quotation marks and citation omitted)). She acknowledged, as well, the holding of <u>Salzman Sign Company, Inc. v. Beck</u>, 10 N.Y.2d 63, 67 (1961) that "where individual responsibility is demanded the nearly universal practice is that the officer signs twice—once as an officer and again as an individual." <u>Id.</u> at 9. However, having permitted limited discovery and reviewed the record, Magistrate Judge Go identified several features of the contract at issue that suggest an intention that Roberts be personally bound: (1) Roberts occupied a "pivotal role" as president and sole shareholder of PDC; (2) the contract's first sentence identifies Roberts as among the parties it binds; (3) the contract is only eleven pages long, and few pages separate the page identifying Roberts as a party from the page on which his signature appears; and (4) Roberts participated in negotiating the contract, and presumably had an opportunity to insist that he not be identified as a party. <u>Id.</u> at 10-11. On this basis, Magistrate Judge Go recommended that the Court find that a question of fact exists as to whether Roberts is personally bound, and deny the moving defendants' motion for summary judgment. <u>Id.</u> at 11.

Again, the moving defendants offer several objections. They argue that no factual determination is required, since contract construction is a question of law for the court. Defs.' Obj. 8-9. They contend that the contract is not ambiguous, and that Magistrate Judge Go's admission of extrinsic evidence violated the parol evidence rule. <u>Id.</u> at 9-10. Finally, they argue that even if the contract is ambiguous, Magistrate Judge Go failed to apply "two key doctrines requir[ing] the granting of the motion": (1) New York's presumption against finding corporate officers personally liable for corporate obligations in the absence of "overwhelming evidence," <u>id.</u> at 10-11 (quoting, <u>inter alia</u>, <u>Mason Tenders Dist. Council v. Thomsen Constr. Co., Inc.</u>, 301 F.3d 50, 53 (2d Cir. 2002)); and (2) the requirement that contractual ambiguities be construed

7

against the drafter, id. at 11-12 (quoting, inter alia, McCarthy v. Am. Int'l Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002)).

Defendants' objections are unavailing. The Court does not accept defendants' contention that the contract at issue here is unambiguous. Ambiguous contractual language is that which is "capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." Seiden Assocs., Inc. v. ANC Holdings, Inc., 959 F.2d 425, 428 (2d Cir. 1992) (citations omitted). Here, as Magistrate Judge Go noted, the contract's first sentence, which Roberts appears to have initialed, suggests personal liability:

> This agreement made this 2nd day of Aug. 2001 by and between Hubert Michael Porter and Lynnee F. Porter having residence located at 343-345-347 West End Ave., Elizabeth, NJ, 07202 hereafter referred to as "Owners residence" and Property Damage Control Group (P.D.C.) and Tom Roberts herafter [sic] referred to as "general contractor", having its offices located at 432 Fox Chase Road P.O. Box 662 Chester, New Jersey 07930.

Bernfeld Decl. Ex. C. This suggestion is at odds with the signature page, which offers only two signature lines, one for plaintiffs and one for PDC. In view of this conflict, a reasonably intelligent person, viewing the entire integrated agreement, might conclude either that Roberts intended to be bound personally, or that he did not. As defendants are aware, contract construction is a matter of law only where the contract is unambiguous—and thus not here. See Adirondack Transit Lines, Inc. v. United Transp. Union, Local 1582, 305 F.3d 82, 85 (2d Cir. 2002) ("The proper interpretation of an *unambiguous* contract is a question of law for the court . . . .") (citation omitted, emphasis supplied). Moreover, in such a case, the Court properly

8

considers evidence extrinsic to the contract itself. Seiden Assocs., 959 F.2d at 429.

Nor is the Court persuaded by the moving defendants' invocation of New York law's "strong presumption against finding corporate officers individually liable for the obligations of the corporations they represent." Defs.' Obj. 10 (quoting Turtle & Hughes, Inc. v. Browne, No. 95 Civ. 9573, 1996 U.S. Dist. LEXIS 9555, at *5 (S.D.N.Y. July 9, 1996)). Defendants are correct that a judgment for plaintiffs on the issue of personal liability would require "overwhelming evidence" that Roberts intended to be personally bound. Mason Tenders, 301 F.3d at 53. Their contention that Magistrate Judge Go's Report fails to acknowledge this presumption is incorrect, however, as the foregoing discussion makes plain. Furthermore, the motion before the Court is one for summary judgment. To avoid dismissal, plaintiffs need not prove that Roberts intended to be personally liable; they need only show that a question of fact exists as to whether he so intended. The evidence relied upon by Magistrate Judge Go satisfies this requirement.

Finally, although the moving defendants are correct that, as a general matter, ambiguous contractual language should be construed against the drafter, the rule they cite is applied by New York courts "only as a matter of last resort after all aids to construction have been employed without a satisfactory result." Albany Sav. Bank, FSB v. Halpin, 117 F.3d 669, 674 (2d Cir. 1997) (citation omitted). Here, the Court need not exhaust all available means of interpreting the contract. At issue is whether plaintiffs have created a question of fact as to whether their interpretation is the right one. They have done so, and the "last resort" urged by plaintiffs is unnecessary. Furthermore, although the record indicates that plaintiff Hubert Michael Porter drafted the contract, see Porter Dep. 40, it also indicates that Roberts participated actively in

negotiating the contract's final language, see Roberts Dep. 69-71. The Court therefore adopts Magistrate Judge Go's recommendation, and declines to grant summary judgment for the moving defendants on the question whether Roberts is personally liable.

## CONCLUSION

For the reasons articulated in Magistrate Judge Go's Report and Recommendation, as clarified by the above discussion, the Court now holds: (1) that plaintiffs' second and fourth claims are dismissed as to Roberts; and (2) that plaintiffs' first, second, fourth, and fifth claims are dismissed as to World Tile. In all other respects, the moving defendants' motion is denied.

SO ORDERED.
Dated: Brooklyn, New York
      September 28, 2007                                    s/ Judge Raymond J. Dearie

                                                            RAYMOND J. DEARIE
                                                            United States District Judge